# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

744
CA 11-02506
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

IN THE MATTER OF NASTRI REAL ESTATE, LLC,
DOING BUSINESS AS KELLER WILLIAMS REALTY
SYRACUSE, PETITIONER-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DOLORES BEBLO, RESPONDENT-APPELLANT-RESPONDENT.
(APPEAL NO. 1.)

---

DOLORES BEBLO, RESPONDENT-APPELLANT-RESPONDENT PRO SE.

HISCOCK & BARCLAY, LLP, SYRACUSE (ROBERT J. LYDFORD OF COUNSEL), FOR
PETITIONER-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order and judgment (one paper) of
the Supreme Court, Onondaga County (James P. Murphy, J.), entered
October 13, 2011. The order and judgment granted respondent's motion
to reargue, and upon reargument, adhered to the prior order granting
the petition in part.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Petitioner, which provided real estate brokerage
services to respondent, commenced this proceeding pursuant to Real
Property Law § 294-b seeking, inter alia, an order for the payment of
monies deposited with the Onondaga County Clerk and thereafter
transferred to the Onondaga County Chief Fiscal Officer (see § 294-b
[5]). In appeal No. 1, respondent contends that Supreme Court, upon
reargument, erred in adhering to its decision granting the petition in
part by awarding petitioner the remainder of its 6% commission. We
reject that contention. Petitioner established its entitlement to the
sum awarded as "the unpaid portion of the compensation agreed to in"
the parties' Exclusive Right to Sell Contract (§ 294-b [5] [a]; see §
294-b [5] [d]). The court properly concluded that petitioner's
affidavit of entitlement to commission for completed brokerage
services was in substantial compliance with the filing requirements of
the statute (see § 294-b [2]), that petitioner timely served
respondent with such affidavit (see § 294-b [4] [a]), and that any
technical defect in the affidavit did not cause a forfeiture of
petitioner's rights to the funds at issue. With respect to the order
in appeal No. 2, we reject petitioner's contention that the court
erred in denying that part of the petition seeking an award of
attorneys' fees and costs, inasmuch as the statute does not authorize

such an award in this proceeding.

Entered:  June 8, 2012                           Frances E. Cafarell
                                                 Clerk of the Court